**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 09-4829**

———————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

SAID OMARI,

        Defendant – Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:08-cr-01254-TLW-1)

———————————

Submitted:  August 4, 2010        Decided:  August 16, 2010

———————————

Before GREGORY, DAVIS, and KEENAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William I. Diggs, THE LAW FIRM OF WILLIAM I. DIGGS, Myrtle
Beach, South Carolina, for Appellant.  Arthur Bradley Parham,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Said Omari pled guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute heroin, ecstasy, and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2006) ("Count One"), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2006) ("Count Three"). The district court sentenced Omari to seventy-two months' imprisonment on Count One and sixty months' imprisonment on Count Three, to be served consecutively. Omari's sentence fell within his advisory guidelines range. Omari timely noted his appeal.

On appeal, counsel for Omari has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). In his Anders brief, counsel suggests that the district court erred in denying his request for a variance sentence.[*] We affirm.

This court reviews a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In reviewing a sentence, we must first ensure that the district court committed no procedural error. Gall, 552 U.S. at 51. If we find no

---

[*] Omari, informed of his right to file a pro se supplemental brief, has not done so.

2

procedural error, we then consider the substantive reasonableness of the sentence. Id. We presume that a sentence within a properly calculated guidelines range is reasonable. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

"When rendering a sentence, the district court must make an individualized assessment based on the facts presented." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). Accordingly, a sentencing court must apply the relevant 18 U.S.C. § 3553(a) (2006) factors to the particular facts presented and must "'state in open court'" the particular reasons that support its chosen sentence. Id. (quoting 18 U.S.C. § 3553(c) (2006)). To meet this requirement, the district court must set forth enough to show a reasoned basis for its decision and consideration of the parties' arguments. Id. "'Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence' than that set forth in the advisory Guidelines, a district judge should address the party's arguments and 'explain why he has rejected those arguments.'" Id. (quoting Rita v. United States, 551 U.S. 338, 357 (2007)). Failure to do so constitutes procedural error. United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010).

We have reviewed the record and conclude that the district court did not commit procedural error in sentencing

3

Omari.  Additionally, Omari's sentence is substantively reasonable, as it falls within his advisory guidelines range, and the record does not rebut the presumption of reasonableness that this court applies to such a sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Omari's conviction and sentence.  This court requires that counsel inform Omari, in writing, of the right to petition the Supreme Court of the United States for further review.  If Omari requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Omari.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>